(125 So. 729)

No. 29327.

**PLAUCHE–LOCKE SECURITIES, Inc., v. SECURITIES SALES CO. OF LOUISIANA, Inc.**

Dec. 2, 1929.   Rehearing Denied Jan. 6, 1930.

Bruton T. Dawkins and W. C. Roberts, both of Alexandria, and Deutsch & Kerrigan, of New Orleans, for appellant.

Cline, Plauche & Girod, of Lake Charles, and Polk & Robinson, of Alexandria, for appellee.

· O'NIELL, C. J. ■ The principal question in this case is whether a creditor, who holds a chattel mortgage on property belonging to an insolvent debtor, and who has no other security, has a right of action for the value of the mortgaged property against one who, being an ordinary creditor of the mortgagor, secretly and without the knowledge of either the mortgagor or mortgagee, takes the property out of the parish where the mortgage is recorded, and conceals it, and afterwards disposes of it for his own advantage, and thereby causes the mortgagee to lose his claim. The district court decided that the mortgagor had such a right of action, for tort, and the defendant has appealed from the decision.

Our opinion is that the case is controlled by the principle announced in Hyman v. Hibernia Bank & Trust Co., 139 La. 411, 71 So. 598, and 144 La. 1074, 81 So. 718, and the decisions cited there. In the two decisions rendered in the Hyman Case it was held that a landlord had a right of action for tort against one who, being a creditor of the insolvent tenant, removed the goods out of the leased premises and appropriated them to the payment of his own claim, and thereby deprived the landlord of his lien and of the only possibility of collecting his rent. The fact that in that case it was a lessor's lien that was defeated, whereas in this case it was a chattel mortgage, makes no difference in the principle of law involved.

Before answering this suit, the defendant filed an exception of no cause or right of action. The exception is based upon two distinct arguments, viz.: First, that the plaintiff, as mortgagee, has no right of action against the defendant, Securities Sales Company, without making the owner of the property a party defendant; and, second, that the only remedy which a mortgagee has in a case like this is to prosecute criminally the party who has concealed the property or removed it out of the parish without the written consent of the mortgagee, under the provisions of section 8 of Act No. 198 of 1918, known as the "Chattel Mortgage Law."

■ The complaint that the owner of the mortgaged property was not made a party defendant should have been urged by way of an exception of nonjoinder. Treating the exception, however, as a plea of nonjoinder, we find no merit in it. The owner and mortgagor of the property, which consisted of two automobiles, was insolvent, and had become mentally incapable of attending to his business, and had departed from the state to parts unknown to the mortgagee. This is not a suit to recover the property, but an action for damages for a tort committed by the Securities Sales Company alone. It was proven on the trial of the case that the debt for which the mortgage was given remained unpaid at the time of the trial, and the same proof would protect the defendant against any claim that may be made by the mortgagor for the taking of his property. The mortgage was recorded in the parish where the automobiles were, and from which they were wrongfully removed by the defendant, with presumed, if not actual, knowledge of the mortgage.

■ There is no merit in the second proposition on which the exception of no cause or right of action was based. It is true that section 8 of Act No. 198 of 1918, p. 374, makes it a misdemeanor for any person to remove property that is affected by a chattel mortgage from the parish in which the mortgage is recorded to another parish, without the written consent of the mortgagee, or to injure, destroy, or *conceal* such property with intent to defraud the mortgagee; but the fact that one who violates the statute in that respect is subject to criminal prosecution does not exempt him from liability for the damage

or injury done to the mortgagee. Actions for damages under article 2315 of the Civil Code arise from offenses as well as from quasi offenses.

Before pleading otherwise to the suit, the defendant filed a plea to the jurisdiction of the court, contending that the only court that had jurisdiction of such a case was the civil district court for the parish of Orleans, because the domicile of the defendant is in this parish. Article 165 of the Code of Practice, as amended by Act No. 130 of 1926, p. 204, provides that, in all cases where any person, firm, or corporation shall commit trespass, or do anything for which an action for damages lies, such person, firm, or corporation may be sued either in the parish where the damage is done or trespass committed, or at the domicile of such person, firm, or corporation. This suit was brought in the parish where the automobiles were when the defendant wrongfully took possession of them, and where the mortgage was recorded. It is contended by counsel for the defendant that no damage was done to the plaintiff in that parish, because the mortgage remained in effect until the automobiles had crossed the parish line. Our opinion, however, is that a wrongful act was committed when the defendant took possession of the automobiles and began carrying out the intention of unlawfully rushing them out of the parish to destroy the rights of the mortgagee. It may be said that the unlawful act was not completed until the automobiles had crossed the parish line, but all that was done wrongfully up to the very completion of the unlawful act was done in the parish from which the automobiles were taken. The district judge was right, therefore, in overruling the plea to the jurisdiction of the court.

The appellee has answered this appeal and prays for an increase of the amount of the judgment to the amount sued for. The suit was for the retail value of the automobiles, $2,084.37. The court gave judgment for the price which the cars cost the dealer (mortgagor), $1,717.92. The acts of mortgage covered other automobiles, and the debts were much larger than the retail value of the two cars which were taken by the defendant; but it appears that the amount of the dealer's cost of each car was stated, after the description of the car, in the act of mortgage, and it was stipulated that the mortgagee was obliged to release each car from the mortgage on payment of the amount stated after the description of each car. For that reason, if for no other reason, the district judge was right in giving judgment only for the value stipulated in the act of mortgage.

The judgment is affirmed.