REGAN, Judge.
The plaintiff, Ben J. Shear, filed this suit against the defendant, Frank Caracci, endeavoring to recover the sum of $834.-00,[1] plus interest and attorney’s fees, which he asserts is owed to him because the defendant refused to surrender possession of a beverage cooler on which the plaintiff possessed a chattel mortgage.
The defendant answered and generally denied all of the allegations delineated in the plaintiff’s petition. In addition thereto, he pleaded the exceptions of no right or cause of action after the lower court rendered judgment.
A trial occurred on the merits hereof, and judgment was rendered in favor of the plaintiff in the amount of $804.00 together with interest and attorney’s fees, and for $30.00 representing the value of a coin meter which the lower court concluded was destroyed by the defendant.
The record discloses that one Lester Ot-tillio leased the premises located in 732 *793 Toulouse from the defendant and that Ot-tillio executed a sublease of the premises to Mitchell Rollo. On April 12, 1963, during the term of the lease and sublease, Rollo purchased a beverage cooler from the plaintiff, and as a part of the transaction he executed a promissory note for $804.00, secured by a chattel mortgage on the cooler. This chattel mortgage was not recorded until April 17, 1963 at 12:30 o’clock P. M. The cooler was also installed on April 17, 1963.
Subsequent to this transaction Ottillio was apparently adjudicated a bankrupt and owed rent to the defendant. The defendant gratuitously permitted Rollo to maintain possession of the premises for a short time thereafter or until the term for which he had paid Ottillio under the sublease had expired. Rollo then abandoned the premises and the cooler therein, leaving the plaintiff’s promissory note and chattel mortgage unsatisfied. One of the plaintiff’s representatives later visited Rollo’s former business establishment to reclaim the cooler without resort to legal process. He was refused access to the machine by the defendant and there ensued a protracted dialogue between the parties over the relative primacy of plaintiff’s mortgage and the defendant’s privilege. After plaintiff failed to furnish defendant with evidence of ranking or ownership, as requested, the defendant refused to surrender the cooler because, as he testified, he did not wish to surrender the property to the plaintiff without knowledge that he owned it.
Eventually, the plaintiff sued the defendant for the amount of the subtenant’s unpaid note and for the value of the coin meter referred to hereinabove. In an effort to justify the lower court’s decision, plaintiff insists that his suit should be characterized as an action ex delicto by a mortgagee, who has a right under Louisiana law to sue one for damages who tortiously converts or injures.the mortgaged property.[2] Plaintiff further argues that his mortgage primes the defendant’s lessor’s privilege since it was recorded prior to the installation of the cooler in the defendant’s building, and that the defendant had no right to seize the property of a sublessee whose rent was fully paid to the original defaulting lessee.
Before examining the correctness of plaintiff’s basic assumptions, we hasten to point out that the record is replete with conflicting factual evidence in support of his contentions. It is, however, unnecessary for us to endeavor to reconcile the conflicting facts inscribed in the record for the reason that the plaintiff is incorrect in his assumption that defendant converted the mortgaged property or in any other manner acted tortiously in relation thereto.
The evidence is clear that the plaintiff never attempted to obtain ownership of the cooler by executory process or otherwise. He only maintained his right against the property as mortgagee, with title remaining in Rollo. Moreover, the record is equally clear that the defendant never removed the cooler from the premises, and plaintiff has offered no evidence to show that defendant ever used or rented it as his own property.
Hence, the only action taken by the defendant was his refusal to surrender the cooler extra-judicially to the plaintiff. His failure to do so, rather than being a conversion, merely constituted a refusal to become entangled in a potential dispute between Rollo, the title owner of the cooler, and the plaintiff, who claimed the right to possession thereof by virtue of his mortgage. By remaining neutral, the defendant did not commit a tort. Since the property remained in the leased premises over a period of years, the only cause of damage to the plaintiff was his own failure to assert his right to the cooler either personally *794 against Rollo via ordinaria or against the property itself via executiva. Since the defendant never deprived the plaintiff of legal access to the machine his refusal of physical access thereto can only be considered as a self-protective action rather than a tortious one.
For the foregoing reasons, the judgment appealed from is reversed and set aside, and judgment is now rendered in favor of defendant and against the plaintiff, dismissing the plaintiff’s suit.
The plaintiff is to pay all costs incurred herein.
Reversed and rendered.

. Plaintiff sued for $804.00 together with interest and attorney’s fees as the balance on a promissory note secured by a mortgage on property sold by him and for $30.00 for the destruction by the defendant of a coin machine attached by him to the equipment subject to the mortgage.

. See Plauche-Locke Securities, Inc. v. Securities Sales Co., 169 La. 601, 125 So. 729 (1930), and Miller v. Hortman-Salmen Co., Inc., 145 So, 786 (La.App. 1933).